Please call the case. May it please the court. Good afternoon, your honors, counsel. My name is Chris Bennett from the Office of the State Appellate Defender, and I represent the appellant, David Fisher. With this court's permission, my plan is to focus on the public trial right, instructional errors, and prosecutorial misconduct issues. Starting with the public trial right argument, the state does not dispute that a violation of a defendant's right to a public trial is a structural error that requires automatic reversal. Thus, if this court finds that David's right to a public trial was violated, a new trial must occur. Third, whether a defendant's public trial right was violated is governed by the United States Supreme Court test in Wallerby, Georgia. To justify closing a proceeding, the trial court must meet four factors. First, an overriding interest that is likely to be prejudiced. Second, the closure must be no broader than necessary to protect that interest. Third, the trial court must consider reasonable alternatives other than the closure. And fourth, the court must make adequate factual findings on the record. Now, the Waller test applies to both partial and full closures. In Presley v. Georgia, 2010. So what do we have here factually? Well, we have a very thin factual record, Your Honor. This is the entirety of the trial court's statement. Quote, I just noted that the test. Let's start with the test. You're saying there should be a test, right? The Waller test, correct. Okay. And why should there be a Waller test if there is what? When do we go to a Waller test? Where there is either a partial or full closure of a courtroom. So what do we have here? Partial or full closure? We have a partial closure, Your Honor, which is the prevention of Fisher, Jr. Correct. From being in the courtroom for. For a closing argument and rendering a verdict, right? During the defendant's closing argument, the state's rebuttal closing argument, and the rendering of a verdict, correct. So we have partial closure, but that Waller test overriding, what was that? Because I know the language of that. What, it's overriding interest? The overriding interest. And what, can you clarify that? What is an overriding interest? Well, in other cases, it's been that, you know, the tainting of a jury pool, for example, is an overriding interest. Now, the state doesn't cite any case in Illinois that says the protection of a minor is an overriding interest. And I'm not aware of a single case either. That was the statement, maybe somewhat ambiguous, given by the trial judge, is that correct? Correct. The quote by the judge was, I don't want that to be the case regarding him being in the courtroom, I don't want him hearing things, continuing on, I would rather not have him in here to see how it is going to go with his dad. Okay, so the overriding interest, I'm still asking, what's the overriding interest? There is no overriding interest. In this case, the trial court has not established that factor. In fact, it has not established any of the four Waller factors. And in order for either a partial or a full closure of a courtroom, the trial court needs to qualify on all four of those factors. If it does not, then you have a substantial right violation and a new trial must occur. Turning back to, it also applies. Well, unless those other two or three or four reasonable alternatives, right, and what's the other thing that the court must do? Well, that there must be a factual finding, reasonable alternatives, and no broader. But it must qualify on all four factors. If one of those is missing, it's a substantial right violation and a new trial must occur. The argument is, there's no overriding interest. My argument is that none of those four factors was present in this case. Well, we know there were findings and things of that nature, right? That's our, there was not an adequate factual finding for sure. You know, people, the evidence makes that clear. A brief mention of something is not an adequate factual finding. The same with people deraiming a first district decision regarding, actually very similar to this case, which was the turning off of microphones during a closing argument. And in that case, the court stated. So if this court were to write a decision that says that this was not a denial of public, right, okay, public trial, Sixth Amendment, right, that we would be the first to say that under the facts of this case, an overriding interest would be the presence of a minor relative in the courtroom? In my research in Illinois, correct. And again, even in this case, this was a 10-year-old that was actually involved in the case. It was a witness who had already testified. Correct. For both the state and the defense, and also was present for the state's initial closing argument. We don't have to prove prejudice in this case, obviously, because it's a substantial right. But the prejudice here is palpable. Look at it from the jury's eyes. They see that Fisher, Jr. has provided some, I'd say, damaging testimony against his father about witnessing some things down in the downstairs bathroom versus his version of the events. He's there for the state's initial closing argument. They go out of the courtroom. When they come back in, what do they see? Fisher, Jr. is no longer there. What would that tell the jury's eyes? Fisher, Jr. doesn't support his dad. Did your client object to the judge's suggestion that maybe his son shouldn't sit in on the closing arguments by his father? He did not, Justice Wright. However, under the second prong of plain error, this would qualify as a substantial right violation. How would that qualify? It's under People v. Thompson. It's one of the fundamental rights of public trial. Did the judge lock the doors to the courtroom after the child left, or bar anybody from entering or leaving the courtroom? The only record we have is that the trial court ordered Fisher, Jr. and presumably his mother, I mean, because she was there earlier. Obviously, that's not a record, but we know she was there. All we know of record is he was there with his biologic mother. Correct. Who's not the victim. Correct. And that she was there earlier for his testimony to aid him in giving testimony. So presumably, she was there during that initial closing argument with Fisher, Jr. and was ordered out as well. But no, Judge, there was no locked courtroom. Presumably. We don't know. So we can't presume anything. Correct. And, correct. We do know that the child was identified by the court, did not be present. Correct, John. That's what we do know. Yes. So, you're saying when a trial judge is concerned about the child of the defendant, or concerned about the impact this might have on the child of the defendant, that turns it into the lack of a public trial, is what you're saying? If that trial court then bars said child for any portion, both before the actual proof, say voir dire, during the proofs, or after closing argument, or the rendering of the verdict, like we have here, and in people be ramey. That negates the fact of having even a public trial, a concern for a child. That would be, we would go under the wall or test for a public trial and figure out whether the trial court has qualified under the four factors. Now, maybe there's a scenario where all four factors would be met in a child's situation. That simply didn't happen here, because we know, you can tell from the paucity of a record here, there's no adequate factual finding. The trial court has a sua sponte duty to consider reasonable alternatives on the record. That didn't happen here. Was the courtroom closed when the child testified? You know, Your Honor, I know that special precautions were taken. I'm not aware that actually, like, anyone was ordered out of the courtroom, as would be in a sex case under 115-11, where there's a child witness and a child victim, like the Falstaff case. You mentioned that the court ordered him out of the courtroom, but if I recall correctly, the judge said, would you mind taking him out in the hall, or whatever? Well, Judge, I disagree with your assertion, because it says, I do not want that to be the case, regarding him being in the courtroom. I don't want him hearing things, and then he goes on to compliment his testimony, and they went to the same elementary school. And then, going back to it, I would rather not have him in here to see how it is going to go with his dad. Would you mind taking him out in the hall, or whatever? And then they waited until, and then proceeded. I mean, I can accept your argument that the courtroom was closed as to the minor's presence, if the court said, I don't care whether you want to take him out or not. I'm compelling you to take him out. But it just sounds like kind of a concerned judge. You know, would you mind? Well, that would only, if someone didn't take him out of the courtroom, then would the judge have to then say, no, I'm ordering you out of the courtroom. And in fact, we know, apparently didn't reach that point, because they abided by the trial court's, please take him out, I don't want him here. And of course, we know, later on, it says, I don't want him in here for the verdict either. I mean, a public trial right violation clearly occurred here. The state has not cited any authority, state otherwise. This court has no other further questions on the public trial. What are the parameters of a public trial? You say public trial rights, it's kind of like we think we all know what it means, but what does it mean? In regards to the scope of the trial, Your Honor, it extends both before the trial, the actual proofs, voir dire, critical stages, up until the rendering of the verdict. With the exception of a witness, prior to testimony, correct? Correct, if there's a motion to exclude a witness, correct. And in fairness to the state, you argue that there is no case law that applies directly to these facts. So, how can we hold that against the state if the case law doesn't exist? If the state, if the case law doesn't say, this is okay to have an overriding interest regarding a protection of a minor, that's not, that's just, they need support for it, frankly, absent, you know, that's why there was a statute specifically created in certain sex offence cases, that 115-11 to comply with WALA. I mean, that was the whole reason why that statute was passed. We simply don't have any case law to support that there was an overriding interest here, and clearly don't have second and third factors here met by WALA. So, you're saying that the, in all of the minor sex offence legislation, myriad of that, that the procedural testifying without other people present, blah, blah, blah, blah, is to overcome, to create a statutory exception to the right of public trial? Correct. Okay. Part of that statute also includes not to exclude the press. Okay, now you said something interesting, that if a motion is made to exclude witnesses, that the trial court can require the absence of a witness. Is that correct? Correct. Does that have to be a motion by parties? Typically, it's... Not typically. It doesn't have to be a motion by the parties. I'm not aware, Your Honour, whether a trial court could sui sponte say, I'm not allowing any of the witnesses in here for the rest of my time. Well, the reason I'm asking, it would be arguably that's an overriding interest to keep witnesses from shaking their testimony based on testimony given by other folks earlier, whatever. And now, would that trial judge to say, I'm excluding these witnesses prior to their testimony, would the trial judge have to do a WALRC test? It would have to meet the four factors. If there was no motion by the parties, all four factors of WALRC would have to be met. I mean, there's... Okay, that's the answer to the question. It's your position that yes, it would. Yes. Okay. Well, let's look at these WALRC factors, okay?  and there was nothing said about closing the hearing. The hearing wasn't closed, was it? It was just a... Would you mind... I'd rather not have him here to see how this is going to go with his dad. That was the first... I mean, that was the statement. I'd rather not... Ma'am, I'd rather not have him here to see how it's going to go with his dad. Would you mind taking him out in the hall or wherever? And so, it appears that the adult then took the boy by the hand and went outside. And, uh, thank you. And so the judge responded to that action, thank you. And then said, I'm ready to have the jury brought back in. Are the two of you ready? That appears to be the scenario, right? Oh, and before that, you know, the judge stating, And being in the courtroom, I don't want that to be the case. I don't want him hearing things. And then he, uh, Ma'am, you were fantastic, very good. You did Franklin proud. Say that for a third time. I would rather, you know... Yeah. So then you look at the WellARC factors. The party seeking to close the hearing must advance one, and the civil right in the court that is likely to be prejudiced. The closure must be no broader than necessary to protect that interest. So let's go, the overriding interest is likely to be prejudiced. What are we talking about here in this context? I mean, assuming, going off of what the state's argument is, because the only thing they identify is, quote, Protect the child from his father's closing and being in the courtroom when the jury found him guilty. And again, they cite no case law that says that that's actually an overriding interest in Illinois or any other jurisdiction. Well, do you have any concerns about the child's reaction being present when his father was found guilty? Do you think there's any interest in protecting a 10-year-old? I think in this case, in the specific facts of this case, Your Honor, we have a 10-year-old who was present for all the events, who was clearly capable of testifying. There's no indication he had special conditions. So you're suggesting he'll get over it? No, I didn't say that at all, Your Honor. What I'm saying is in this case, and specifically where, this was actually an overriding interest, and it was so important to the trial court, he would have made darn sure to make sure he was not in the courtroom for the state's initial closing argument. That contained, if you look at that initial closing argument by the state, it doesn't hide any of the facts of this case. So that, of course, is out of the bar. Well, the facts are out of the bar, but now it's the jury's determination. Do you think he'll just get over it? No, and I think you've just hit on something the trial court here failed to do. It was considered reasonable alternatives. A reasonable alternative in this case would have been, okay, he can be here for the closing arguments, because obviously he was a witness. He knows about the facts of the case. You know what? Let's not have him here when he potentially is found guilty, and I would assume in this situation, bond was vacated and he was led to the back. So that is absolutely a reasonable alternative. The state says there are no reasonable alternatives. Of course there's a reasonable alternative in this situation. The second is the closure must be no broader than necessary to protect the interest. Three, the trial court must consider reasonable alternatives to closing the proceedings. Well, the proceedings weren't closed. It was just, we're talking about one witness and he's 10 years old. President B. Georgia makes it clear, Judge, that whether it's a partial closure, one person, or a full closure, the same test applies. Three, the trial court must consider reasonable alternatives to closing the proceedings. And four, it must make findings that are adequate to support the closure. So, here, we're not even sure if there was a closure, but the judge asked, I'd rather not have him here to see how it's going with his dad. Would you mind taking him out of the bar or whatever? And then the person took, I guess got up and took the child out. Is that even a closure? Absolutely. And that's omitting the first part of this, about I'm noting Fisher Jr. is in the courtroom, and then stating I don't want that to be the case. If I was in the courtroom, I would not feel like I could disobey the judge's order to take him out of the courtroom at that point. I would be in contempt of court if I did not. I have a question. I'm struggling with this, and you can help me. It's back to my earlier question. The first thing, and maybe I'm not reviewing this correctly, but whether an overriding interest that was likely to be prejudiced existed. Tell me what that interest is. It's confusing. And again, it's Wallace, the U.S. Supreme Court, deciding very clearly. What is it? Who has a right to a public trial? I mean, arguably, the accused, correct? Under the Sixth Amendment, yes. Okay, goes to the accused. But arguably, does not the public have a right to a public trial? And yes, that's under the First Amendment analysis under press enterprise. And so what's Waller dealing with both? I'm not sure if it's the same analysis, the four factors, regarding the Sixth Amendment analysis. We're talking about closing a trial proceeding, right? Either a partial or... So if a trial proceeding is closed, either under the First or Sixth Amendment, it depends on from whose perspective it's closed, and who has the right not to have it closed. Correct? And in what forum they're raising that? Yes, Your Honor. We've got a defendant who has a right under the Sixth Amendment to have a public trial. Correct. And are you telling me that there's a right to a public person to access a trial? That's press enterprise. That's under the First Amendment? Yes. Okay. So it seems like we've got two different people who have rights to a public trial. Yes. So that if closure is had, there are two people who are affected by the closure, right? Yes. And we're just talking about the child at this point, right? Of what's a record, yes. Is the child's right ever dated? Under the First Amendment, you could make that argument. Of course, we're in a criminal proceeding where the... It was removed. Correct. Simultaneously, the defendant had the right to have the proceedings be viewed by others. Correct. So the same action affected both rights. Did it not, or did it? No, it did. I think the only way we could So the question is whether an overriding interest that was likely to be prejudiced existed. Again, I'm asking his interest. Well, it's under the Sixth Amendment, Davets, and I'm representing him. Now, if Davet Jr. filed a civil suit against the trial court under the First Amendment, he could arguably have, I think, a very strong case to be made on that. Of course, we're dealing here with my client's rights under the Sixth Amendment, which were unambiguously violated by the trial court here. So, what was the prejudice here? Or do we have to even deal with the prejudice? I mean, obviously, you're saying structural errors that we don't deal with on plain error analysis. Prejudice, right? Correct. But here under Waller, that interest that was likely to be prejudiced in what was likely to be prejudiced from the perspective of your client? The absence of his son? As I described earlier, what occurred to the jury was that Fisher Jr. is present. Not that we have to show prejudice, but Fisher Jr. is present for the state's initial closing argument accusing Davet of aggravated domestic battery laying out the facts. Jury goes out, comes back in, Fisher Jr. is not there. And so, of course, the jury would conclude that Fisher Jr. was not supporting Well, was the young child present during any of the testimony that the jury listened to? There was long periods of time when this child was not in the courtroom. Of course, but that was due to a motion to exclude and the jury knows that witnesses cannot be in the courtroom for other people's testimony. Was that announced in the presence of this jury? All of the witnesses would have to leave the courtroom in any proceeding How would they know that? When they would walk out of the courtroom or, I mean, they would witness it, that witness comes in out of the courtroom, wherever ante-room they're at, or hallway, and then gives their testimony, and then they never see him again until closing argument. Next time you see all these witnesses, Savage and Fisher Jr. is initial closing argument. Are you suggesting, or I think what you're asking us to hold is that excluding witnesses from courtroom violates or constitutes, let me rephrase that, constitutes a partial closure? No, no you're not, and may I, I just want to make sure time-wise, yes, I am not asking absolutely not asking that this court has to hold that the exclusion of witnesses from a certain portion of trial as a public trial, no. Were there any other witnesses that testified during trial that were allowed to remain in the courtroom? During what portion, Your Honor? Closing arguments in the rendering of the verdict? Would that mean the judge had special circumstances for the trial? I'm wondering if on this record the judge was just going forward with his motion, he granted the motion to exclude witnesses, anybody who might testify couldn't be present? There's no factual finding on the record, Your Honor, that one way or the other, whether other witnesses were there, however the reasoning that supposedly the state is going off is he's protecting the child's interests, you know, regarding closure, and not that, well, Fisher Jr. was part of a motion to exclude earlier, all the other witnesses are not here, I don't want him to be here either. So, no, what I'm asking this court to hold under this first issue is that a new trial has to occur because a substantial right was violated, that being the defendant's public trial right, because the trial court here did not satisfy any of the four Waller factors for a partial closure. Presley v. Georgia makes that clear. It only has to be one person that is excluded. People v. Evans in the First District, 2016. A single person excluded, specifically a family member, typically, an interested person, that is one of the fundamental to have your family members at your trial. That person excluded in that case, or asked to leave the Was it a witness? In which, Evans, Your Honor? No. Correct. And that was during fourth year. Stepmom or stepdad, I can't remember which. Was it grandmother? Was grandmother Evans? We're talking about the Walter? Yes. In the portion of the trial here, obviously there was a motion to exclude witnesses, I assume, and so the witnesses are called, testified, and then they leave the courtroom, am I correct? Yes. So they're subject to recall before the closure approves, correct? Yes. So you're saying nothing wrong with that? Correct? Correct. There's nothing wrong with that? It's subject to the motion, or if there wasn't a motion... So there's contact with the Waller test by the court? Yes. But at the conclusion of where they're no longer subject to recall after having given a testimony that they have, and the Senate has, a right to be present in the courtroom. Either under the First Amendment from the public or Sixth Amendment rights given under the Sixth Amendment. Yes, Your Honor, and I identified that on page 19 of my opening brief regarding how far an exclusion of witness extends. It extends only to the proofs, not the argument. If Your Honors have no further questions, I assume my time is up at this point. We'd ask that under the first three issues in the briefs, that Gabbett Fisher receive a new trial and under the fourth issue in the alternative, a new sentencing hearing. Thank you, Your Honors. Good afternoon, Your Honors. Counsel? Our position is that the defendant's constitutional rights were never implicated in this case because there never was a closure, nor did the court preclude the public or the press from entering the courtroom. The only thing that this judge did was come to the conclusion that he didn't want this minor child sitting in the courtroom any longer than was absolutely necessary. He noticed that he was in the courtroom after the State's closing argument was given. I think you can tell from his language that he looked up and saw him and thought, you know, I thought he would not be here for this. Now the State did move at the beginning of the trial for separation of witnesses and that was granted. And this minor was indeed a witness, unfortunately. And while the defendant argues that the fact that the he didn't object to that. It was as if, you know, I understand that. I don't really need my child in here either. He didn't say that. And nor in his motion for a new trial did he allege error on that part. So in order to get this issue before the court, we have to have what? We have to have plain error, in this case structural error because it is true that the denial of a public trial is a structural error if it happens. But our position is it didn't happen. The judge exercised his right to control his courtroom. He had an interest in this child's well-being and asked, please take the child out of the courtroom. I don't think those facts implicate the Sixth Amendment. Well, part of it comes down to when the judge had the dialogue with the adult and the tenure who was, I guess, supervising the 10-year-old. Was that a direct order that couldn't be refused? Or was it a suggestion that was accepted? The verbiage sounds like a suggestion. It also may be we don't know from this record but it may have been the child's mother who We don't know from the record that it wasn't the child's mother? We don't know for sure. But the mother had expressed some prior concern for this child at having to testify at all. Some precautions were taken. We don't know who it was. It was obviously someone because from the dialogue it appears that He's talking to someone other than the child. It looks like Would you mind and from the dialogue it appears that whoever it was it's like they got up and then based on what happened then the judge went on to say okay we're ready and then they proceeded on. Correct. And so the ultimate decision then was whoever is with the child. It's not the child's decision. And when the judge says would you mind taking him out of the courtroom whoever he's talking to obviously didn't mind because they took him out of the court. Now the opposing counsel suggests that wasn't a suggestion it was I'd better take the kid out here because the judge based on what was previously said was pretty clear the judge was insistent that the child be taken out. Well it certainly was his position that the child shouldn't be there for whatever He didn't want him there. That's true. He did not. And that was more of a protective stance than anything else. My goodness. What would have happened if whoever the guardian of the child, mother, whoever that was, what has she said? I think it's okay. I don't think this is going to be a problem for him. Or if she said he wants to be here. Yes, something like that. But that didn't happen. This judge, he's entitled to control his own courtroom and well I know You can certainly control your courtroom but you can't close the courtroom. No, but I don't think the courtroom was closed. It wasn't closed to anybody else. I mean, no public, no press. Defendant didn't have any objection to this. And while this case is not fall under. Well it's a partial closure as to  The child is a member of the public. But more importantly than a member of the public, he was a witness in this case and he's a minor child of the defendant. If it weren't for those two facts, most importantly that he's a minor child and of the defendant you know, who can be affected by what's going to occur. Whether in closing argument and the way... Arguably the defendant might want to be teaching his child a lesson. Here's what happens. Yeah, he teaches people lessons in a very powerful way. I'm just saying that I just think that we're looking at it, we always look at things from different perspectives. Well the case your opponent cites is about a relative. A relative who's excluded from voir dire. Why would you exclude a relative from voir dire? I have no idea. Yeah, yeah. I don't know that I necessarily agree that that's closure but under those circumstances somebody else did. I think under these circumstances that there's a justification for what the trial judge did that doesn't rise to the level of the denial of a public trial. Is that really what the constitution means? And I realize while the statute pertaining to sex offense victims doesn't directly apply in this case but there is some logic there. The purpose of it was to protect the child. The focus can be the child. And that's what the focus was here. The child. Protecting a witness not closing the courtroom. What do you think about the lesser included argument? I don't think he was entitled to those instructions on reckless conduct because the facts don't support reckless conduct. They support intentional acts and even if you believe his testimony that she had a knife in her hand that would imply self defense not recklessness. You don't punch another person in the face recklessly. You do it intentionally. You don't kick another person recklessly. You do it intentionally. And the judge found that there was simply no evidence of reckless conduct. And that's all I have unless you have any other questions. Thank you counsel. Thank you. Counsel. Briefly and broadly your honors. I think the state essentially admits the third factor wasn't met here about reasonable alternative. You know there was a situation here steering them in the face the trial court, right? And the trial court has a sua sponte duty. We know this. To consider reasonable alternatives on the record. All the trial court had to do here was say Mom Mr. Junior do you guys want to be here for the rest of the argument? Simple question could have been asked. Avoid this whole public trial right violation. It didn't happen and a new trial has to occur. I think also the state doesn't dispute or I don't think they're disputing that Peter B. Presley makes it clear that a partial trial closure is in fact a public trial right violation. And that's binding the United States Supreme Court precedent. Addressing friends and family members, the United States Supreme Court has made it without exception all courts have held that an accused is at least at the very least entitled to have his friends relatives and counsel present no matter what offense he may be charged. Against their wishes? Not against their wishes. We just don't know what the child wanted. Well the child was present. We know the child was present for initial closing arguments. In the company of an adult. And we don't know if the adult said you've got to sit here with me or not. A 10 year old child really doesn't have a choice. What we know from the record is that the child was in the courtroom because he was then kicked out of the courtroom by the trial court and given no choice to remain in the courtroom because the trial court demanded that he be let out and then demanded that he not be there for the verdict. Turning briefly to the lesser included instruction issue I don't think the state or anyone here is disagreeing or debating that reckless conduct under the charging instrument approach is a lesser included of aggravated domestic battery. I don't think there's any debate about that under the precedent. And the state's not debating that this is a preserved error so they have to show harmless beyond a reasonable doubt people be blamed second district decision says this analysis is subsumed into the slight evidence analysis and we disagree with the state. You know the state seemingly wants to take one version or the other person's version but that's not what a jury does and that's not what a jury's supposed to do. A jury's supposed to pick through the facts which one's to believe which one's not and there is enough in the combined testimony between all the parties to say hey there's a version where Savage or Crystal and Davette are upstairs, they have an altercation no knife is present Davette swings at her and makes reckless contact causing the great violent harm. There is that version, there is the slight evidence we do not adjudge the credibility at this stage people be McDonald makes that clear and based on that record a new trial has to occur where it's presuming the same facts come out lesser included instruction would have to be allowed and given. If your honors have no further questions we ask for the leave already requested. Thank you your honors. Thank you for your arguments at this point we'll take a recess and allow for a panel discussion.